IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MELODY S. RACHELS,**

**Plaintiff,**

**v.**

**EAST ALTON POLICE DEPARTMENT,**

**Defendant.**                                                         No. 08-CV-312-DRH

**ORDER**

**HERNDON, Chief Judge:**

On April 25, 2008, Melody Rachels ("Plaintiff") filed a *pro se* complaint against Defendants alleging false arrest and personal injuries. (Doc. 1.) Plaintiff attempted to file the Complaint also on behalf of her children and her fiancé. Specifically, Plaintiff alleges that on February 18, 2007, the East Alton Police Department broke into her home, beat her (causing a ruptured pregnancy), and then unnecessarily jailed her. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 4). Because the Court finds that Plaintiff is indigent, the Court grants both the motion to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at government expense (Doc. 4). In addition, the Court clarifies which parties and claims shall proceed under this Complaint.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted

such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff submitted a declaration documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendants are immune from suit. Although Plaintiff's Complaint is a bit vague, the Court finds and puts Defendant on notice that Plaintiff intends that the Eighth and Fourteenth Amendments to the United States Constitution form the foundation for all Counts and claims; furthermore, the Court recognizes that **42 U.S.C. § 1983 *et seq*** is the vehicle for Plaintiff's claims.

The Court does note, however, that Plaintiff may not proceed on behalf

of the other named plaintiffs nor may she proceed against the State of Illinois or Officer Brian Archer. As a rule, a plaintiff may not file a complaint on behalf of another person, unless the individual is a minor or incapacitated and the plaintiff is filing the suit as a next friend. Even then, the plaintiff must state allegations in the complaint relating to the minor or incapacitated person. Plaintiff's allegations relate entirely to actions taken against her and injuries she sustained. The Complaint asserts no claims relating to any of the other named plaintiffs. **FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)** provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this liberal pleading standard, specific facts are not necessary. The complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, **127 S.Ct. 1955, 1967 (2007) (quoting** *Conley v. Gibson*, **355 U.S. 41, 47 (1957))**. Plaintiff Rachels has failed to state any claims related to Joseph Rittman, Lily Parsley, or Jeffrey Parsley. In addition, Jeffrey Parsley may only be joined as a defendant if he consents and signs an amended complaint with allegations related to him. Moreover, Plaintiff names Officer Brian Archer and the State of Illinois as Defendants in her case. But again, Plaintiff fails to make any allegations specifically related to these defendants in her Complaint. Plaintiff does refer to an "officer" in her Complaint, but it is unclear whether the office is Brian Archer. Therefore, Joseph Rittman, Lily Parsley, Jeffrey Parsley, Officer Brian Archer, and the State of Illinois are **DISMISSED without prejudice**. Plaintiff

is **granted leave to amend her complaint** on or before June 10, 2008, if she has specific claims or allegations against either of the two Defendants just mentioned. In addition, Plaintiff may seek to join Jospeh Rittman, Lily Parsley, and/or Jeffrey Parsley, so long as they are properly joined pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 17(c) and 20**.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and her motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Plaintiff. Plaintiff must fill out this form and return it to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM-285 form, the Clerk will issue a summons for the Defendant. Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 8th day of May, 2008.

/s/     *David R Herndon*
**Chief Judge
United States District Court**