# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MELODY S. RACHELS, individually,**
**and as Independent Administrator**
**of the Estate of Jesse Lynn Parsley,**
**deceased,**

**Plaintiff,**

**v.**

**THE VILLAGE OF EAST ALTON,**
**ILLINOIS, BRIAN ARCHER,**
**CHRISTIAN CRANMER and**
**CHIEF DARREN CARLTON,**

**Defendant.**                                                    No. 08-312-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On February 11, 2009, Plaintiff Melody S. Rachels filed an eleven count third amended complaint against the Village of East Alton, Illinois, Brian Archer, Christian Cranmer, and Chief Darren Carlton in connection with an incident at Plaintiff's home on February 18, 2007 leading to her arrest (Doc. 37). Counts I, II, III, IV, V, VI, and VII are brought pursuant to **42 U.S.C. § 1983** and allege violations of Plaintiff's Fourth and Eighth Amendment Rights. Counts VIII, IX, X, and XI alleged state law claims of wrongful death, survival, battery and malicious prosecution respectively.

On February 24, 2009, Defendants filed a joint motion to dismiss and a motion to strike several counts in Plaintiff's complaint as well as her claim for

punitive damages in all counts. (Doc. 38). Specifically, Defendants moved to dismiss Counts X and XI as untimely because they were filed after the one-year statute of limitations set forth in **745 ILCS 10/8-101**.[1] Defendants also seek to strike Count VII of Plaintiff's Third Amended Complaint because the count is redundant of Count VI.[2] On March 30, 2009, Plaintiff filed a response to Defendants' motion and withdrew Count VII against Chief Darren Carlton[3] and her claim for punitive damages. Plaintiff further conceded that Counts X and XI were untimely under the Act, but pointed out that Count II was governed by **42 U.S.C. § 1983** which has a two year statute of limitations. Plaintiff noted that Defendants' reference to Count II was most likely a typographical error because Defendants made no other reference to Count II.

## II. Discussion

**A.    Legal Standard**

Defendants bring their motions to dismiss pursuant to **FEDERAL RULE**

---

[1] In ¶ 9 of Defendants' motion to dismiss, Defendants state that Count II must be dismissed pursuant to the one-year statute of limitations set out in 745 ILCS 10/8-101. However, Defendants do not list Count II in their concluding paragraph. (See Doc. 38 ¶ 11). Plaintiff argues that this was most likely a typographical error as Count II is brought pursuant to 42 U.S.C. § 1983 and not governed by Illinois' Tort Immunity Act statute of limitations. The Court agrees.

[2] Count VII of Plaintiff's Third Amended Complaint is brought pursuant to 42 U.S.C. § 1983 against Chief Darren Carlton, in his official capacity, for failure to train or supervise. Count VI makes the same allegations against Village of East Alton.

[3] Plaintiff's motion actually asks the Court to allow her to withdraw Count VI against Chief Carlton. However, Count VI is against Village of East Alton. The Court notes that this reference to Count VI is most likely a typographical error as Plaintiff concedes with Defendants' motion to strike and asks the Court to let her withdraw the Count against Chief Carlton. Defendants' motion to strike also asked the Court to strike the Count against Chief Carlton (Count VII).

**OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007).** In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id.* at 555, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).** The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

B.     **Analysis**

Defendants argue that Counts X and XI are untimely because they were filed outside of the one year statute of limitation governed by the Local Government and Governmental Employees Tort Immunity Act.  **745 ILCS 10/8-101.**  Plaintiff concedes that Counts X and XI are untimely under the Act.  Therefore, the Court **GRANTS** Defendants' motion to dismiss as to Counts X and XI (Doc. 40).

In paragraph 9 of Defendants' motion, Defendants state that Count II must be dismissed pursuant to the one year statute of limitations in **745 ILCS 10/8-101**. (Doc. 38 ¶ 9).  However, Plaintiff argues that Defendants' motion in regards to Count II is a typographical error as Defendants make no other reference to Count II and Count II is filed pursuant to **42 U.S.C. § 1983** and is not governed by the statute of limitations set out in the Local Governmental and Governmental Employees Tort Immunity Act.  The Court agrees with Plaintiff that Defendants' mention of Count II was most likely a typographical error.  In paragraph 11, Defendants conclude their motion to dismiss asking the Court to dismiss Counts X and XI.  (See Doc. 38 ¶ 11). They make no mention of Count II.  Even if Defendants were requesting to dismiss Count II, the count would not be untimely because it is filed pursuant to **42 U.S.C. § 1983**.  Count II is a claim for false arrest against Brian Archer pursuant to **42 U.S.C. § 1983** and is not subject to the statute of limitations set out in **745 ILCS 10/8-101**.  ***See Palmer v. Board of Educ. of Community Unit School Dist. 201-U, Will County, Ill.*, 46 F.3d 682, 684 (7th Cir. 1995) (finding that the statute of**

**limitations in Illinois for § 1983 cases is two years)**. Here, Plaintiff filed her Complaint on April 25, 2008, well within the two year time period. Therefore, to the extent that Defendants seek to dismiss Count II as untimely, the Court **DENIES** Defendants' motion.

### III.  Conclusion

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. The Court **GRANTS** Defendants' motion to dismiss as to Counts X and XI because Plaintiff concedes that the Counts are untimely. To the extent that Defendants seek to dismiss Count II of Plaintiff's complaint, the Court **DENIES** their motion. The Court further **DENIES as moot** Defendants' motion to strike because Plaintiff has requested to withdraw her claims in Count VII and her claim for punitive damages in all Counts. Count VII and Plaintiff's claim for punitive damages in all Counts are **WITHDRAWN**.

**IT IS SO ORDERED.**
Signed this 1st day of May, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**